UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

OVERLOOK TERRACES, LTD					PLAINTIFF

v.								CIVIL ACTION NO. 3:14-cv-00241-CRS

TAMKO BUILDING PRODUCTS, INC..					DEFENDANT
n/k/a TAMKO ROOFING PRODUCTS, INC., et al.

### **MEMORANDUM OPINION**

This matter is before the court for consideration of the following motions:

(1) Second motion of Plaintiff, Overlook Terraces, Ltd. ("Overlook") to amend complaint. DN 17.

(2) Motion of Overlook to remand. DN 7.

Defendant, Tamko Building Products, Inc., n/k/a Tamko Roofing Products Inc. ("Tamko") opposed both motions, arguing that the proposed amendment fails to state a claim, nullifying the need for a remand. DN 9; DN 22. Having reviewed the parties' respective positions, the Court finds that the motions are, in fact, inappropriate. For the reasons set forth below, we will deny both motions.

### **Background**

At some time during 2008, Overlook purchased shingles, manufactured by Tamko, that it planned to have installed on several buildings it planned to construct. As part of the construction process, Overlook hired a general contractor who, in turn, employed a subcontractor, third-party Mark R. Broaddus d/b/a Russell Home Improvements ("Broaddus"),[1] to install the Tamko shingles. Overlook alleges that it began experiencing problems with the shingles after Broaddus installed them.

---

[1] The parties do not dispute that Broaddus operated Russell Home Improvements as a sole proprietorship such that he would be personally liable for the now-dissolved entity's acts or omissions.

Overlook contends that the shingles were defective, easily damaged and detached, and, generally, did not conform to Tamko's description, causing Overlook to suffer damages and economic loss. Based on this, Overlook filed suit against Tamko in Jefferson County Circuit Court, alleging breach of express warranty, breach of implied warranty, and manufacturing defects. DN 17-1. After receiving the Complaint, Tamko removed the matter to this Court under 28 U.S.C. §§ 1441, 1446 based on our having diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. DN 1.

After removal, Tamko answered Overlook's complaint and asserted, amongst other things, an affirmative defense that "[t]he damages of which Plaintiff complains, if any, were caused by the acts, errors, or omissions of persons, firms, and entities other than TAMKO over whom TAMKO had no authority or control." DN 4. Overlook understood this assertion as reiterating a statement Tamko made in a letter dated 11/31/12, that any problem Overlook had with the shingles was due to negligent installation. DN 17-1. Accordingly, Overlook moved to amend its complaint to add Broaddus – the installer – as a defendant. DN 6; DN 17. And because Broaddus is a resident of and does business in Jefferson County, Kentucky,[2] Overlook also moved to remand the matter to Jefferson County Circuit Court, arguing that the addition of Broaddus would destroy the Court's subject matter jurisdiction over the parties. DN 7.

## Analysis

Generally speaking, a court should freely give leave to amend a complaint after the period for a matter-of-course amendment has expired "when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend may be denied, however, where the amendment would be futile. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir.2003); in fact, this Court recently stated that "[l]eave *should be denied* where the amendment would be futile." *Hazelwood v. Webb*, No. CIVA 4:06-CV-P107-M, 2008 WL 4190988, at *1 (W.D. Ky. Sept. 2, 2008). Tamko argues that

---

[2] Although Tamko originally disputed this fact, it no longer does.

Overlooks amendments would be futile because Overlook has no viable cause of action against Broaddus.

For the reasons that follow, the Court agrees with Tamko that Overlook's proposed amendments would be futile. Therefore, we will only address the proposed amendment through that lens.

### Futility of the Proposed Amendments

In its Second Amended Complaint, Overlook asserts causes of action against Broaddus, the third-party whom it now seeks to join as a defendant, for breach of contract, breach of warranty, and negligence. DN 17-1. Tamko argues that there is no legal basis for these causes of action, and the Court agrees.

Overlook's contract claims against Broaddus would ultimately fail as a matter of law because Overlook cannot sue Broaddus as a third-party beneficiary. It is undisputed that Overlook never contracted with Broaddus; instead, Overlook hired a general contractor that subcontracted installation of the shingles in question to Broaddus. Accordingly, the only means by which Overlook could sue Broaddus based on the breach of a term in that contract would be under a third-party-beneficiary theory – that the contracting parties, Broaddus and the general contractor, entered into their contract directly or primarily for Overlook's benefit. *Bariteau v. PNC Fin. Servs. Grp., Inc.*, 285 F. App'x 218, 220 (6th Cir. 2008) (citing *King v. Nat'l Indus., Inc.*, 512 F.2d 29, 32 (6th Cir.1975)) (applying Kentucky law); *see also Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 579 (Ky. 2004). But Overlook cannot proceed on this theory, because this Court has already found the following: under Kentucky law, a property owner cannot be a third-party beneficiary of a contract between its general contractor and a subcontractor. *E.I. DuPont de Numours & Co. v. Mech. Integrity, Inc.*, No. CIV.A. 3:08-CV-229-H, 2009 WL 3754206, at *2 (W.D. Ky. Nov. 5, 2009); *see Holcomb v. Womack*, No. 05–CV–84–DLB, 2005 WL 2456190 (E.D. Ky. Oct.4, 2005); *Louisville Gas & Electric Co. v.*

*Continental Field Systems, Inc.*, 420 F.Supp.2d 764 (W.D. Ky. 2005); Restatement (Second) of Contracts § 302 cmt. e (2009). So despite Overlook's laudable attempts to argue otherwise, it cannot claim against Broaddus as a third-party beneficiary. Therefore, Overlook would not have a viable breach-of-contract claim – whether it sounded in warranty or otherwise – against Broaddus.

For similar reasons, Overlook cannot assert any negligence claims against Broaddus. Under Kentucky law, "one who is not a party to the contract or in privity thereto may not maintain an action for negligence which consists merely in the breach of a contract." *Presnell Const. Managers, Inc. v. EH Const.*, LLC, 134 S.W.3d 575, 579 (Ky. 2004) (internal citations omitted); *E.I. Dupont*, 2009 WL 3754206, at *3 (finding that a property owner could not sue a subcontractor for negligence). Here, Overlook alleges that Broaddus was negligent by failing to install the shingles in accordance with Tamko's installation instructions. DN 17-1. But, as Overlook admits in its amended complaint, Broaddus's duty to "install all materials in strict compliance with [Tamko's] recommendations" was explicitly imposed by the contract between Broaddus and the general contractor. *Id*. at 6. And because this duty was a creature of a contract that Overlook was not a party to, *Presnell* prohibits Overlook from maintaining an action in negligence based on a breach of it. Hence, Overlook's negligence claim against Broaddus would also fail as a matter of law.

In sum, Overlook seeks to amend its complaint to assert claims against a third party that Overlook has no standing to assert. A separate order denying the Second Motion to Amend and Motion to Remand will be entered this date in accordance with this Memorandum Opinion.

**IT IS SO ORDERED.**

December 18, 2014

Charles R. Simpson III, Senior Judge
United States District Court